UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| B.T., *a minor, by her mother,* <br> R.T., <br>  *Plaintiff*, <br><br> *vs.* <br><br><br> CAROLYN W. COLVIN, <br> *Acting Commissioner of the* <br> *Social Security Administration*, <br>  *Defendant*. | No. 1:14-cv-02042-JMS-TAB |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff R.T.,[1] on behalf of B.T., a minor, appeals the denial of B.T.'s application for supplemental security income ("SSI") benefits. R.T. applied for benefits on B.T.'s behalf on June 27, 2011, alleging a disability onset date of January 1, 2011. [Filing No. 21-2 at 10.] The claim was initially denied in September 1, 2011, and upon reconsideration. [Filing No. 21-4 at 2.] Administrative Law Judge Blanca B. de la Torre ("ALJ") held a hearing on January 11, 2013, and a supplemental hearing on September 6, 2013, and issued a decision on September 26, 2013, concluding that B.T. was not disabled. [Filing No. 21-2 at 10-28.] The Appeals Council denied a request for review, rendering the ALJ's decision the final decision of the Defendant, Commissioner of the Social Security Administration ("Commissioner") for the purposes of judicial review. 20 C.F.R. § 404.981. R.T. filed this action on behalf of B.T. under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), requesting that the Court review the ALJ's denial. [Filing No. 1.]

---

[1] To protect the minor claimant's privacy pursuant to Federal Rule of Civil Procedure 5.2, the Court will also refer to the plaintiff pursuing this action on B.T.'s behalf by her initials.

1

# I.
## APPLICABLE STANDARD OF REVIEW

"Social security disability benefits are designed for disabled workers, but low-income parents or guardians may obtain them on behalf of disabled children as well." *Keys v. Barnhart*, 347 F.3d 990, 991 (7th Cir. 2003). For a child to be considered disabled, it must be shown that the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

"[S]ince disabled children generally do not have a work history, the structure of the disability program for them is necessarily different from that for adults, except in cases in which the child has a 'listed impairment,' that is, an impairment that would entitle the adult to disability benefits without any further inquiry into his ability to perform his past work or some other work; the child is treated the same in such a case." *Keys*, 347 F.3d at 991-92 (citing 20 C.F.R. § 416.924(d)). If the child is "not so seriously disabled as is implied by being found to have a listed impairment, then it must be determined whether [the child] is nevertheless severely limited in functioning in specified areas of life activity such as concentration and communication." *Keys*, 347 F.3d at 992.

To determine whether the child is disabled, the ALJ considers all relevant evidence and the combined effect of any impairments on the child's overall health and functioning. 20 C.F.R. § 416.924(a). The regulations set forth a three-step process for evaluating child disability claims. 20 C.F.R. § 416.924(a).

At Step One, if the child is doing substantial gainful activity, as defined by the regulations, the child is not disabled and the evaluation stops. 20 C.F.R. § 416.924(a)-(b). If the child is not doing substantial gainful activity, the evaluation proceeds to Step Two. 20 C.F.R. § 416.924(a).

At Step Two, the ALJ considers the child's physical or mental impairments to see if the child has an impairment or combination of impairments that is severe. 20 C.F.R. § 416.924(a). If the impairment or impairments are not severe, the child is not disabled and the evaluation stops. 20 C.F.R. § 416.924(a). If the impairment or impairments are severe, the evaluation proceeds to Step Three. 20 C.F.R. § 416.924(a).

At Step Three, the ALJ considers whether the child has an impairment or impairments that meets, medically equals, or functionally equals a listing. 20 C.F.R. § 416.924(a). If the child has such an impairment and it meets the duration requirement, the child is disabled. 20 C.F.R. § 416.924(a). If the child does not have such an impairment, or if it does not meet the duration requirement, the child is not disabled. 20 C.F.R. § 416.924(a).

A child's impairments will functionally equal a listing if they result in either a "marked" limitation in at least two of six enumerated domains of functioning or an "extreme" limitation in at least one of the domains. *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 679 (7th Cir. 2010) (citing 20 C.F.R. § 416.926a). The six domains are as follows: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a. A "marked" limitation interferes "seriously" with a child's ability to initiate, sustain, or complete activities in the domain, and an "extreme" limitation interferes "very seriously." 20 C.F.R. § 416.926a(e)(2).

This Court's role in reviewing a disability decision is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's findings. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Moreover, "[a]n ALJ may not select and discuss only that evidence that favors [his] ultimate conclusion, but must articulate, at some minimum level, [his] analysis of the evidence to allow the [Court] to trace the path of [his] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the denial of benefits. Otherwise, the Court must generally remand the matter back to the SSA for further consideration; only under rare circumstances can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II.
### RELEVANT BACKGROUND[2]

B.T. was nine years old when R.T. filed an application for SSI benefits on her behalf in June 2011. [Filing No. 21-2 at 10.] The application alleges a disability onset date of January 1, 2011. [Filing No. 21-2 at 10.] B.T. has been diagnosed with Attention Deficit Hyperactivity

---

[2] The parties' briefs detail facts about medical treatment that B.T. has received for behavioral issues. [Filing No. 25; Filing No. 30.] The Commissioner does not dispute the facts presented. [Filing No. 30.] Because those facts implicate sensitive and otherwise confidential medical information concerning B.T., the Court will simply incorporate the facts by reference herein and articulate material facts as needed to resolve the parties' arguments.

Disorder ("ADHD"), Posttraumatic Stress Disorder ("PTSD"), Oppositional Defiant Disorder ("ODD"), and Depressive Disorder. [*See, e.g.*, Filing No. 21-2 at 13, 59-60.]

Using the sequential evaluation set forth by the SSA, the ALJ issued a decision on September 26, 2013, finding as follows:

- At Step One, the ALJ concluded that B.T. had not engaged in substantial gainful activity since the application date. [Filing No. 21-2 at 13.]

- At Step Two, the ALJ concluded that B.T. had the following severe impairments: ADHD, PTSD, ODD, and Depressive Disorder. [Filing No. 21-2 at 13.]

- At Step Three, the ALJ concluded that B.T. did not have an impairment, either singly or in combination, that met or medically equaled the severity of a listed impairment. [Filing No. 21-2 at 13.] The ALJ considered Listings 112.04 (Mood Disorders), 112.06 (Anxiety Disorders), 112.08 (Personality Disorder), and 112.11 (ADHD). [Filing No. 21-2 at 13.]

- The ALJ further determined that B.T. did not have an impairment or combination of impairments that functionally equaled the severity of a listed impairment. [Filing No. 21-2 at 13.] Specifically, the ALJ concluded that B.T. had either a less than marked limitation or no limitation in each of the six functional domains. [Filing No. 21-2 at 14-27.]

- Because of these findings, the ALJ concluded that B.T. was not disabled. [Filing No. 21-2 at 27.]

[Filing No. 21-2 at 13-27.]

R.T. requested that the Appeals Council review the ALJ's decision, but that request was denied on October 28, 2014. [Filing No. 21-2 at 2.] That decision is the final decision of the

5

Commissioner for purposes of judicial review, and R.T. now seeks relief from this Court. [Filing No. 1; Filing No. 25.]

### III.
### DISCUSSION

R.T. presents two challenges on appeal: (1) the ALJ failed to discuss R.T.'s credibility as a witness regarding B.T.'s limitations; and (2) the ALJ failed to comply with the "whole child" approach under SSR 09–1p when the ALJ gave more weight to the school records than to B.T.'s behavior in the home setting. [Filing No. 25 at 11.]

**A. R.T.'s Credibility**

R.T. argues that the ALJ failed to discuss R.T.'s credibility as a witness regarding B.T.'s limitations. [Filing No. 25 at 14.] R.T. argues that contrary to the opinion of medical expert Georgia Ann Pitcher, PhD., who opined that R.T.'s testimony is inconsistent with the medical record, her testimony is consistent with her previous reports to B.T.'s doctors and counselors regarding B.T.'s behavior. [Filing No. 25 at 14.] She argues that the ALJ gave little weight to her testimony and to reports of doctors and therapists regarding B.T.'s behavior at home.[3] [Filing No. 25 at 14.] R.T. further contends that the ALJ erred when she discussed R.T.'s parenting skills, which she argues are not relevant to B.T.'s disabilities. [Filing No. 25 at 15.]

The Commissioner, in response, cites to district court cases that she claims have rejected R.T.'s argument. [Filing No. 30 at 4.] She argues that the ALJ sought medical expert testimony from Dr. Pitcher, although she had no duty to do so at this stage, and states that as long as the ALJ gives specific reasons for her credibility findings, the ALJ's measure of credibility of the witness

---

[3] R.T. appears to contradict herself by claiming that the ALJ made no credibility determination and then by acknowledging that the ALJ gave "little weight (if any)" to her testimony. [Filing No. 25 at 14.]

6

is given great deference. [Filing No. 30 at 4.] She claims that R.T.'s testimony regarding B.T.'s behavior is inconsistent with B.T.'s behavior with other people and that B.T.'s behavior does not affect other parts of her life, such as the school setting. [Filing No. 30 at 4-5.] She argues that Dr. Pitcher opined that B.T.'s behavior problems at home were from a result of poor parenting skills and not due to disability. [Filing No. 30 at 5.] The Commissioner further claims that this finding is consistent with the record since B.T.'s treatment was focused on providing R.T. with counseling and training for parenting skills. [Filing No. 30 at 5.]

R.T. did not file a reply.

Generally, an ALJ is in the best position to determine the credibility of witnesses, and the Court reviews that determination deferentially. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (citations omitted). The Court will overturn a credibility determination only if it is patently wrong. *Id.* (citations omitted). The determination of credibility must contain specific reasons for the credibility finding. *Id.* (citing SSR 96–7p). The finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning. *Craft*, 539 F.3d at 678.

The Court finds that the ALJ adequately addressed R.T.'s credibility. The ALJ devotes two paragraphs to summarizing R.T.'s testimony and one paragraph to compare her testimony to other evidence on the record. [*See* Filing No. 21-2 at 14-15.] The ALJ noted that nothing else in the record corroborated R.T.'s testimony. With the help of Dr. Pitcher's assessments, the ALJ found that B.T. was "highly functioning" outside the home, did well in school, and cooperated during therapy sessions. [Filing No. 21-2 at 15.] The ALJ further noted that B.T.'s behavior at home was due to R.T.'s poor parenting skills. Thus, the Court rejects R.T.'s argument that her parenting should not be discussed in assessing B.T.'s disability. This evidence is highly probative

as it suggests that something else, other than a disability, caused B.T.'s behavioral issues at home.[4] Contrary to R.T.'s claims, the ALJ noted that nothing in the record points to evidence that supports R.T.'s testimony. The Court finds that the ALJ properly addressed R.T.'s credibility.

### B. Whole Child Approach

R.T. argues that the ALJ focused on B.T.'s performance in school to support the denial of disability and placed little weight on B.T.'s behavior at home. [Filing No. 25 at 14.] R.T. alleges that Dr. Pitcher cherry-picked evidence to support her opinion, which "colored the ALJ's entire perception of the file," and further claims that Dr. Pitcher's testimony implicitly acknowledges severe impairment, but disregards it due to poor parenting. [Filing No. 25 at 14-15.] She argues that no Social Security regulation indicates that a child who does well in one environment cannot be disabled, and the "whole child" approach of SSR 09–1p requires the ALJ to consider all environments. [Filing No. 25 at 16.]

In response, the Commissioner argues that the ALJ properly complied with the "whole child" approach when evaluating B.T.'s functioning. [Filing No. 30 at 4.] The Commissioner states that the ALJ retained Dr. Pitcher as a medical expert and properly relied on her testimony. [Filing No. 30 at 4.] She argues that although the ALJ acknowledged evidence of behavioral problems, she noted that the evidence suggested that B.T. was less limited than what R.T. alleged. [Filing No. 30 at 6.] The Commissioner claims that the evidence supports that B.T. neither met a listing nor had more than a "less than marked" limitation. [Filing No. 30 at 6.] She claims that

---

[4] R.T. argues that this case is aligned with *Murphy v. Astrue*, 496 F.3d 630 (7th Cir. 2007), where she claims the ALJ erred in not fully crediting the parents' testimony. However, *Murphy* found that many of the parents' observations of their child's behavior were aligned with the observations from school officials, which supported a finding of disability and which the ALJ failed to take into account. Here, unlike in *Murphy*, the ALJ found nothing else in the record that corroborated R.T.'s testimony.

the ALJ provided an extensively cited, fourteen-page decision and that no other person, including B.T.'s teachers, state-agency doctors, or Dr. Pitcher, corroborated R.T.'s assessment that B.T. was disabled. [Filing No. 30 at 6-7.]

R.T. did not file a reply.

After an ALJ determines that a minor claimant's combined impairments neither meet nor medically equal a Listing, the ALJ must determine whether the claimant's impairments *functionally* equal a Listing by evaluating the developmental domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b), (d). In evaluating the child's functioning, the ALJ takes into account the "whole child," measured by the child's activities as performed "at home, at school, and in the community." SSR 09–1p. With no requirement to consult with medical experts at this stage, it is the ALJ who determines functional equivalence, based on the evidence presented. *Id.*

The Court finds that the ALJ committed no error on the issue raised by R.T. Her argument that Dr. Pitcher cherry-picked evidence and ignored the overall picture, which was then relied upon by the ALJ to support a finding of no disability, is a mischaracterization of the record. As the Commissioner states, the ALJ provided a fourteen-page analysis regarding B.T.'s functional limitations with extensive citations to the record, which included information from R.T.'s testimony, B.T's history of mental health treatment, state-agency doctors' opinions, reports from B.T.'s teachers, and Dr. Pitcher's opinion. The ALJ addressed R.T.'s testimony regarding B.T's severe behavioral issues at home, and as discussed above, found that her testimony was not supported by any other evidence in the record. The ALJ considered B.T's medical records of her mental health treatment, which revealed that the child performed well during therapy and provided

R.T. with parenting skills advice. She considered the state agency psychologists' opinions, which pointed out that B.T. did not have a marked limitation in any of the six functional equivalence domains. Consistent with these findings, the ALJ also cited B.T.'s teachers, who found that although she did have some limitations, B.T. did not have a "serious" or "very serious" problem in any area. [Filing No. 21-2 at 19.] Moreover, the ALJ retained medical expert Dr. Pitcher for the supplemental hearing, who reviewed the entire record and concluded that B.T. is not disabled. Thus, no reversal is required.

### IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Id.* (*citing Stephens*, 766 F.2d at 285). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet*, 364 F. App'x at 274. Taken together, the Court can find no legal basis presented by R.T. to reverse the ALJ's decision that B.T. was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: November 4, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov